# IN THE SUPREME COURT OF THE STATE OF NEVADA

POSHBABY LLC, A NEVADA LIMITED
LIABILITY COMPANY,
Appellant,
vs.
ELSINORE III, LLC, A NEVADA
LIMITED LIABILITY COMPANY; AND
BRIGHTON PROPERTIES LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Respondents.

No. 73700



FILED

JUL 01 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a final judgment following a bench trial in a quiet title action and a post-judgment award of attorney fees. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.[1]

The district court set aside the HOA's March 19, 2014, foreclosure sale based on equitable considerations. However, the district court also found that the sale was not affected by fraud, unfairness, or oppression. This court recently held in *Resources Group, LLC v. Nevada Association Services, Inc.*, 135 Nev., Adv. Op. 8, 437 P.3d 154, 160-61 (2019), that in order for a court to set aside a foreclosure sale on equitable grounds, "the totality of the circumstances [must] demonstrate[ ] that *the sale itself*

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-24409

was affected by fraud, unfairness, or oppression." (Internal quotation marks omitted.) Accordingly, the district court's decision to set aside the sale was legally erroneous.[2] *Cf. Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) (reviewing a district court's factual findings following a bench trial for substantial evidence and its legal conclusions de novo).

Respondents contend alternatively that the sale was void because the HOA did not have a lien to foreclose on following the first deed of trust beneficiary's foreclosure. Specifically, respondents contend that there was no superpriority portion of the HOA's lien that could have survived the deed of trust foreclosure because the property was a condominium built before 1992, such that the HOA is governed by NRS Chapter 117 (and not NRS Chapter 116), which permits a condominium HOA to subordinate its lien to a first deed of trust, *see* NRS 117.070(2), and which the HOA in this case did under Section 3.9 of its CC&Rs. *But see SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 757-58, 334 P.3d 408, 418-19 (2014) (holding that NRS 116.1104 prohibits an HOA governed

---

[2]Although respondents have not suggested as much, we have reviewed the district court's stated equitable bases for setting aside the sale and conclude that none of those bases would amount to fraud, unfairness, or oppression affecting the sale. Respondents suggest that the HOA's foreclosure notices became "defective" once the bank held its foreclosure sale, but respondents contemporaneously acknowledge that the HOA was not required to re-issue those notices, *SFR Invs. Pool 1, LLC v. First Horizon Home Loans*, 134 Nev. 19, 23, 409 P.3d 891, 894 (2018), and consequently, we are not persuaded that the sale should be set aside due to any alleged defects in the notices. Nor are we persuaded that *7510 Perla Del Mar Avenue Trust v. Bank of America, N.A.*, 136 Nev., Adv. Op. 6, 458 P.3d 348, 349 (2020), supports respondents' position, as there is no evidence that respondent Elsinore chose not to make a superpriority tender because it was aware that the HOA's agent might have rejected that payment.

by NRS Chapter 116 from using its CC&Rs to perpetually waive its statutory superpriority lien right).

We conclude that this does not provide a viable basis to affirm the district court's judgment. After enacting NRS Chapter 117, the Legislature adopted the Uniform Common Interest Ownership Act (UCIOA) as NRS Chapter 116, *see* 1991 Nev. Stats., ch. 245, at 535, governing common ownership of real estate, including condominiums. *See* UCIOA introduction, 7 pt. 2 U.L.A. 1-4 (2009). NRS 116.1201(4), detailing NRS Chapter 116's applicability, originally stated, "[t]he provisions of chapters 117 and 278A of NRS do not apply to common-interest communities created *on or after January 1, 1992.*" *See* 1991 Nev. Stat., ch. 245, § 47, at 542 (emphasis added). The Legislature later amended this subsection to be more absolute, removing the January 1992 limitation entirely. *See* 1999 Nev. Stat., ch. 572, § 16, at 2999 ("[T]he provisions of chapters 117 and 278A of NRS do not apply to common-interest communities.").

When it amended NRS 116.1201(4) in 1999, the Legislature also amended NRS 116.1206, revising all existing common interest communities' governing documents, such as CC&Rs or bylaws, to comply with NRS Chapter 116. *See* 1999 Nev. Stats., ch. 572, § 16.5, at 2999 ("Any declaration, bylaw of other governing document of a common-interest community created before January 1, 1992, that does not conform to the provisions of this chapter shall be deemed to conform with those provisions . . ."). Thus, after the 1999 NRS Chapter 116 amendments, not only was the HOA not governed by NRS Chapter 117, but the HOA's CC&Rs were deemed to conform with NRS Chapter 116, such that Section 3.9's subordination provision was no longer valid in light of NRS 116.1104.

SUPREME COURT
OF
NEVADA

(O) 1947A

3

Accordingly, the fact that the HOA was originally governed by NRS Chapter 117 cannot justify affirming the district court's quiet title judgment. In light of the foregoing, appellant is entitled to a judgment that the HOA's foreclosure sale extinguished respondent Elsinore's ownership interest in the subject property. The district court's award of attorney fees to respondents as the prevailing parties was also erroneous in light of our aforementioned conclusion. We therefore

ORDER the judgment of the district court and the post-judgment award of attorney fees REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____Pickering_____, C.J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Cadish_____, J.
Cadish

cc: Hon. Joanna Kishner, District Judge
Ghidotti Berger/Las Vegas
Ayon Law, PLLC
Fennemore Craig, P.C./Las Vegas
Eighth District Court Clerk